We will now call 514-02-00, people v. Simington. Counsel for the appellant. May it please the Court, Counselor. My name is Lawrence O'Neill and I represent Harvey Burke Simington in this case. This is a direct appeal after Mr. Simington was convicted by a jury of one count of predatory criminal sexual assault of a child and one count of aggravated criminal sexual abuse of a child. The charges allege that Mr. Simington abused his daughter, M.S., while they lived together with Mr. Simington and their other children. I have raised three issues in this appeal. In Argument 1, I ask this Court to reverse Mr. Simington's conviction in Account 1 for predatory criminal sexual assault of a child because the State failed to prove the corpus bolecti of the charge where the evidence independent of Mr. Simington's confession did not sufficiently corroborate his confession that he inserted his finger in M.S.'s vagina. Account 1 alleges Mr. Simington committed the offense in that he placed his finger in the vagina of M.S. In his two statements to the court in which he did not properly touch his daughter, Mr. Simington stated that he had two or three times placed his finger in M.S.'s vagina. The corpus bolecti rule cannot be proven by defendant's confession alone. Under the corpus bolecti rule, the State is required to introduce evidence corroborating the defendant's confession as to the acts that he allegedly committed. In this case, the defendant, the evidence failed to sufficiently corroborate Mr. Simington's confession that he had placed his finger in M.S.'s vagina. The State argues here that Mr. Simington's confession is corroborated by M.S.'s pretrial statements to Kim Mangielissino, who was a forensic interviewer at Madison County Advocacy Center who interviewed M.S., and Cara Cristanelli, who was a nurse practitioner who examined M.S. With respect to Mangielissino, she testified that during the course of her interview with M.S., M.S. stated that her father had tickled and played with her vagina. Nurse practitioner Cristanelli testified that M.S. told her during the examination that her father touched her private parts. These statements allegedly made to Mangielissino and Cristanelli do not corroborate Mr. Simington's statements that he had two or three times placed his finger in her vagina, as tickling, playing with, touching with her vagina does not constitute penetration. While M.S.'s statements may corroborate the confession regarding the fondling of M.S.'s vagina in the aggravated criminal sexual abuse charge in Count II, they do not corroborate the penetration element of predatory criminal sexual assault of a child in Count I. Thus, Count I must be vacated under the corpus delectae rule. Citing the Supreme Court case in People v. Lara, the State argues that under the corpus delectae rule, the independent evidence need not precisely align with the details of the confession on each element of the charge defense, but only requires that the corroborating evidence correspond with the confession and tend to connect the defendant with the crime. I agree that this is the holding of the Lara court. However, Lara is distinguishable from this case and should not control the outcome of the case. In Lara, the defendant was charged with two counts of predatory criminal sexual assault of a child based on two separate acts of finger penetration of the girl's vagina. The defendant confessed that he twice penetrated the girl's vagina with his finger. And as to the corroborating evidence, the girl testified that the defendant touched her private parts twice, though she did not say whether it was inside or outside. And the girl's pretrial statement, the witness testified that the girl stated that the defendant had twice touched her vagina. In the Supreme Court, the defendant argued that the state had not corroborated the penetration element, but instead only corroborated the defendant's confession with respect to contact with the girl's vagina. The Supreme Court rejected the defendant's argument, holding the corpus delectae rule does not require independent evidence precisely aligning with the details of the confession. The Lara court then found that the independent evidence sufficiently corresponded to the crime in the confession to satisfy the corpus delectae rule, noting that the defendant's confession, the girl's testimony, and the girl's pretrial statements were virtually identical in that they all involved alleged incidents related to alleged incidents related to the defendant's contact with the girl's with a single type of charged offense, two counts of the same offense, predatory criminal sexual assault based upon two incidences, and corroborating evidence that matched the confession in number and type of contact. However, Lara did not get rid of the corpus delectae rule. In this case, it's distinguishable from Lara in important ways. In Lara, the defendant's confession, because the corroborating evidence matched the defendant's confession in number of incidents, where the defendant confessed to penetrating the girl's vagina twice through his finger, and the girl's testimony and pretrial statement all stated that the defendant touched her vagina twice. In the instant case, Mr. Simington confessed to placing his finger in the MS' vagina two or three times, and also stated he touched her vagina. The corroboration, the corroborating evidence, MS told Margie Grissino that the defendant touched and played with her vagina, and told, and MS told Crista Belli that the defendant touched her vagina, her private parts. Thus, unlike, this is only one incident. To Crista Belli, MS said, my father touched my private parts. That does not correspond to, in number, the types of, the number of times that Mr. Simington confessed to having placed his finger in her vagina. It's different than Lara, where the confession and the corroborating evidence all matched in number. Thus, unlike in Lara, where the evidence did not match in number, Lara, this case is different than Lara. The second difference in Lara, in the same offense, both two counts of predatory sexual assault of a child for finger present penetration involving two incidents. And here, Mr. Simington was charged with one count of predatory criminal sexual assault for placing his finger in her vagina, and one count of aggravated criminal sexual abuse for fondling her vagina. The independent evidence provided by Angie Rossino and Crista Belli testified that MS said that Mr. Simington had tinkled her vagina once. This evidence more precisely corresponded to the aggravated criminal sexual abuse charge in count two, that Mr. Simington had fondled her vagina. That didn't correspond to the penetration element in count one, the predatory criminal sexual assault of a child. Yet, Mr. Simington was convicted for both charges when the corroborating evidence only corresponds to count two. The corroborating evidence cannot be used to corroborate both count one for penetration and count two for fondling when the corroborating evidence only indicates one incident. Thus, only one conviction can stand here because the independent evidence more precisely aligns with the abuse fondling charge in count two. And therefore, the penetration charge in count one must be vacated. As such, this case is more like the Supreme Court's decision in People v. Sargent that was decided two years before Lau era. It involved multiple different charging offenses and only one incident in cooperation. In this case, a case where multiple charged offenses the court held, where a defendant has been charged with and confesses to multiple offenses, the cooperation rule requires that there be independent evidence tending to show that the defendant committed each of the offenses for which he was convicted. And the bottom line is, in Lau era, where the defendant was charged with multiple offenses involving both penetration and fondling, and the cooperation only pertained to penetration, the fondling charges could not stand. Thank you, Mr. O'Neill. You'll have an opportunity for rebuttal. Counselor Leopold. Good afternoon, Your Honors. May it please the Court, Counselor. My name is David Manson, and I'm here on behalf of the State. In this case, there was ample cooperation. The Counselor today has repeatedly stated that the victim only referred to one incident of touching. That is incorrect. The two mens or three women, she referred to multiple cases, and I believe about minute 38 of the tape, she expressedly stated that this happened at least three times. So to say that there can only be one offense because there's only one touching is not commensurate with the testimony, because she did expressly mention at least three times and referred to multiple times in her statement to the men as a whole. So this case falls directly under Laura, because we have a number of, the defendant confesses to two instances of penetration. The child refers to multiple instances of the tickling. And under Laura and Harry, which is often cited in their brief, the child's testimony or evidence that the defendant tickled or touched is sufficient to corroborate the defendant's confession of actual penetration. The Corpus Electa rule does not require the corroborative evidence to establish all of the elements of the offense independent of it has to be sufficient to link the defendant to the defense that he has confessed to. The corroborative evidence also does not have to mirror exactly what the defendant says in his confession. In fact, in Laura, 93 North East 2nd at 971, the court states, the evidence need, the independent evidence need not precisely align with the details of the confession. So what we have here is the child making statements to her mother, to the investigator, and to a nurse practitioner that the defendant has fondled her wiener or her private areas. The defendant confesses to touching her in that area and to actual penetration on at least two or three occasions. The corroborative evidence is to the exact same area of the body that the defendant confesses to. In Sargent, the problem that arose there when the defendant was charged with contact with one, with two areas of the body, and the corroborative evidence only went to one area. And they said, you have to have proof that just touching of the vagina does not corroborate the defendant's confession that they also touched her breasts, which is what Sargent holds. Here, we have all the victim's testimony was that the defendant was tickling her, or all the evidence that the defendant was tickling her wiener or private areas. We have the defendant's confession that says, yes, I did that. I actually penetrated her on two or three occasions with my fingers. That's exactly the same area, exact same conduct. The defendant is just a little bit more specific as to penetration than a young child that probably doesn't know what penetration means with respect to that area of the body. So the evidence here was more than sufficient to meet the standard of proof, which is, could any reasonable trier of fact, taking all the evidence, the most, the light and most able of the state, could any reasonable finder of fact find the defendant guilty beyond reasonable doubt? And between the defense confession and the other corroborative evidence, that standard has clearly been met in this case. If the Court has no questions, I will stand on my brief with respect to the other two issues that the defendant has raised. But I submit that the defendant's conviction should be affirmed in this case. Thank you, Counsel. Reba. Your Honor, the conversation, the interview that MS had with Mangio Racino was a long interview, and it was not clear how many times MS is referring to, how many times alleged incidents occur. It's all on video and audio. Yes, it is, Your Honor. I'm not trying to fool the Court on that. I mean, the video is what it is. But to me, this was a long series of questions and leading probing questions. And my interpretation of it was it's unclear, it's not clear that MS affirmatively stated that more than once, more than one incident had occurred. With respect to Christianality, there was definitely only one statement, one online incident that MS referred to, and that would be it was during the course of a physical examination, and MS just blurted out, My father touched my private parts. My interpretation of that is that that is one incident. So if we have one incident that is affirmatively established by the corroborating evidence, then only one conviction can stand, and that corroborating evidence cannot be used to both corroborate the fondling and the penetration. So my position is that the corroborating evidence is only related to count two for fondling, not pertaining to the penetration element, and in that way, this case is more like Sargent, which involved multiple offenses, but only one incident of corroboration. One incident of corroboration, whereas opposed to Lara, involved one charged offense, predatory criminal sexual assault with two incidents, and the corroborating evidence specifically said two, that the victim said two incidents occurred. So as Lara found that that was virtually identical, they all lined up, the confession and the corroborating evidence all lined up in number. We don't have that same, in my position, that we don't have that same kind of definite, precise aligning of alleged incidents in this case, aligning with Mr. Simonton's confession, who said that two or three times occurred, and the MS did not conclusively state that two alleged incidents occurred, and my position is that the corroborating evidence only establishes that one incident occurred. Any other questions, Your Honors? Thank you, Mr. O'Neill. Thank you. The Court will take the matter under advisement and issue a decision in due course.